UNSEALED
✱ 10/1/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED
SEP 15 2015
David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-15-0220-S1 |
| ANTONIO HERNANDEZ | § | |
| ✱YESENIA VERDINES-MENDOZA | § | |
| ✱ERNESTO GARCIA, JR. | § | |
| CUAUHTEMOC HIRAM CORTES-RIOS | § | |
| also known as Temo Cortes | § | |

### SEALED SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

#### Count One

On or about January 1, 2008, and continuing and up to and including the date of this indictment, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

ANTONIO HERNANDEZ
YESENIA VERDINES-MENDOZA
ERNESTO GARCIA, JR.
and
CUAUHTEMOC HIRAM CORTES-RIOS
also known as Temo Cortes

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

#### Count Two

On or about November 21, 2013, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

ANTONIO HERNANDEZ
and
YESENIA VERDINES-MENDOZA

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 15 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Three

On or about June 6, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ANTONIO HERNANDEZ**
**and**
**YESENIA VERDINES-MENDOZA**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 26 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Four

On or about March 1, 2015, and continuing and up to and including the date of this indictment in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ANTONIO HERNANDEZ**
**YESENIA VERDINES-MENDOZA**
**and**
**CUAUHTEMOC HIRAM CORTES-RIOS**
**also known as Temo Cortes**

did knowingly and intentionally combine, conspire, confederate and agree together and with others known and unknown to the grand jury, to knowingly conduct and attempt to conduct

financial transactions affecting interstate and foreign commerce which in fact involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of proceeds of the specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h).

### Count Five

From on or about June 12, 2015, to on or about June 16, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ANTONIO HERNANDEZ**
**YESENIA VERDINES-MENDOZA**
**and**
**CUAUHTEMOC HIRAM CORTES-RIOS**
**also known as Temo Cortes**

knowing that the property involved in a financial transaction represented proceeds of unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, attempted to conduct a financial transaction which in fact involved the proceeds of said specified unlawful activity, to wit: $270,170.00 in U.S. Currency, knowing that the transaction was designed in whole or in part to conceal the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2.

### NOTICE OF CRIMINAL FORFEITURE
(21 U.S.C.§ 853(a) and 18 U.S.C. §982(a)(1))

I.

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Title 21, Sections 841 and 846 as alleged in Counts One through Three of this indictment, notice is given to the Defendants:

**ANTONIO HERNANDEZ**
**YESENIA VERDINES-MENDOZA**
**and**
**CUAUHTEMOC HIRAM CORTES-RIOS**
**also known as Temo Cortes**

that the following is subject to forfeiture:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

(2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## MONEY JUDGMENT

Defendants are notified that, upon conviction, the property subject to forfeiture includes, but is not limited to, a money judgment payable to the United States of America in an amount equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable. The amount of the money judgment for Counts One through Three is estimated to be, but is not limited to, approximately, $5,000,000.00.

II.

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as alleged in Counts Four and Five, notice is given to the Defendants,

**ANTONIO HERNANDEZ**
**YESENIA VERDINES-MENDOZA**
**and**
**CUAUHTEMOC HIRAM CORTES-RIOS**
**also known as Temo Cortes**

that the following is subject to forfeiture:

All property, real or personal, involved in such offense, and all property traceable to such property.

MONEY JUDGMENT

Defendants are notified that, upon conviction, the property subject to forfeiture includes, but is not limited to, a money judgment payable to the United States of America in an amount equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable. The amount of the money judgment for Counts Four through Five is estimated to be, but is not limited to, approximately, $5,000,000.00.

IV.

SUBSTITUTE PROPERTY

In the event the property that is subject to forfeiture, pursuant to Title 21 United States Code Section 853 or Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or,

(e) has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to seek forfeiture of any substitute property of the defendant pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY